[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-10415

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ORESTES CABRERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:08-cr-00077-MCR-EMT-1

_____

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR and BRANCH, Circuit Judges.

PER CURIAM:

Orestes Cabrera, a federal prisoner, appeals *pro se* the denial of his motion for compassionate release and the denial of his motion to reconsider. 18 U.S.C. § 3582(c)(1)(A). The district court ruled that Cabrera failed to identify extraordinary and compelling reasons for early release. U.S.S.G. § 1B1.13. The district court denied Cabrera's motion to reconsider because it repeated his earlier arguments for sentencing relief. We affirm.

We review the denial of motions for compassionate release and for reconsideration for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (release); *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004) (reconsideration). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Harris*, 989 F.3d at 911 (quoting *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019)).

A district "court may not modify a term of imprisonment once it has been imposed" except in specified circumstances. 18 U.S.C. § 3582(c); *see United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020). Section 3582(c), as amended by the First Step Act, gives the district court discretion to "reduce the term of

imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable" if a reduction is warranted for "extraordinary and compelling reasons" and "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). So the district court may deny a motion to reduce because no "extraordinary and compelling reasons" exist or because relief is inappropriate based on the statutory sentencing factors. See United States v. Tinker, 14 F.4th 1234, 1237–38 (11th Cir. 2021).

The district court did not abuse its discretion by denying Cabrera's motion for compassionate release. Cabrera argued that his dyslipidemia, latent tuberculosis, and an "old inferior wall myocardial infarction" increased his risk of medical complications from COVID-19. But Cabrera submitted a letter stating that his medical status was "Care Level-1 Healthy or Simple Chronic Care." And the district court found that the Center for Disease Control did not list any of Cabrera's disorders "as a condition that places an adult at increased risk of severe illness if COVID-19 is contracted"; that "no indication in the medical records [suggested] that Cabrera's conditions, even considered in combination, impact or substantially diminish his ability to provide self-care"; and that his conditions, "while chronic, appear[ed] to be managed with medication and a recommended heart healthy diet and exercise." See Harris, 989 F.3d at 912; U.S.S.G. § 1B1.13 cmt. n.1. Cabrera does not dispute that none of his medical conditions qualified as

extraordinary and compelling enough to warrant early release under section 1B1.13.

The district court also did not abuse its discretion by denying Cabrera's motion to reconsider. The district court explained that it relied on the policy statement in section 1B1.13 of the Sentencing Guidelines to deny Cabrera relief from his sentence. The district court correctly reasoned that any reduction had to comport with the definition of "extraordinary and compelling reasons" in section 1B1.13. *See United States v. Bryant*, 996 F.3d 1243, 1252–62 (11th Cir.), *cert. denied*, No. 20-1732 (U.S. Dec. 6, 2021).

We **AFFIRM** the denial of Cabrera's motion for compassionate release. We also **DENY AS MOOT** Cabrera's motion to clarify, which we construe as a motion to allow his appeal to proceed.